```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
           Civil No. 09-2530(DSD/AJB)
```

Shong Xiong,

       Plaintiff,

v.                                                **ORDER**

Michael J. Astrue, Commissioner
of the Social Security Administration,

       Defendant.

    Laura S. Melnick, Esq., Southern Minnesota Regional Legal Services, Inc., 55 East Fifth Street, Suite 400, St. Paul, MN 55101, counsel for plaintiff.

    Lonnie F. Bryan, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for defendant.


This matter is before the court upon the objection by Commissioner of the Social Security Administration (defendant) to the November 22, 2010, report and recommendation of United States Chief Magistrate Judge Arthur J. Boylan. The magistrate judge recommends that plaintiff Shong Xiong's motion for summary judgment be granted, defendant's motion for summary judgment be denied, and the case be reversed and remanded for award of benefits. Following a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge in its entirety.

**BACKGROUND**

The background of this matter is fully set out in the report and recommendation, and the court summarizes only the facts necessary to this review.  Xiong applied for supplemental security income on May 22, 2007, alleging that major depression, chronic pain and hand numbness limit her ability to work.  Admin. R. 68, 71-72, ECF No. 7.  The Administrative Law Judge (ALJ) issued an unfavorable decision denying benefits on May 7, 2009.  Id. at 10.  The decision of the ALJ became final on July 22, 2009, when the Social Security Appeals Council denied Xiong's request for further administrative review.  Xiong timely sought judicial review of the decision, arguing that the ALJ made erroneous findings of fact, improperly discounted opinions of treating medical sources, improperly elevated the opinion of a non-treating medical source, improperly discounted the vocational expert's response to hypothetical questions, and relied on unqualified medical opinions.  On November 22, 2010, the magistrate judge recommended granting Xiong's motion for summary judgment.  Defendant objects to the recommendation on the basis that substantial evidence supported the ALJ's determination.  The court now considers the objection.

**DISCUSSION**

**I.  Standard of Review**

The court reviews the report and recommendation of the magistrate judge de novo, and the findings and decision of the ALJ for substantial evidence. See 28 U.S.C. § 636(b)(1)(C); Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion." Nicola v. Astrue, 480 F.3d 885, 886 (8th Cir. 2007) (citation omitted). On review, the court considers "both evidence that detracts from and evidence that supports the Commissioner's decision." Hartfield v. Barnhart, 384 F.3d 986, 988 (8th Cir. 2004) (citation omitted). "However, the mere fact that some evidence may support the opposite conclusion than that reached by the Commissioner does not compel [the] Court to reverse the decision of the ALJ." Id. (citation omitted). Rather, if it is possible to reach "two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." Goff v. Barnhart, 421 F.3d 785, 789 (8th Cir. 2005) (citation omitted).

**II.  ALJ Determinations**

The ALJ followed the five-step sequential evaluation process to decide if Xiong is disabled. See 20 C.F.R. § 416.920. In the first two steps, the ALJ determined that Xiong has not engaged in substantial gainful activity since the application date and is

severely impaired by chronic pain disorder, depressive disorder, obesity, posttraumatic stress disorder, and ventral hernia. See Admin. R. 15; 20 C.F.R. § 416.920(a)(4)(I)-(ii). The findings from the first two steps are not disputed on appeal.

**A.   Severity of Impairment**

In the third step, the ALJ considers the medical severity of a claimant's impairment.  20 C.F.R. § 416.920(a)(iii).  To be disabled, an applicant must have a medical impairment that is severe enough to meet or equal one of the impairments included in the "Listing of Impairments."  See id. § 416.925; id. pt. 404, subpt. P, app. 1. Depression reaches the level of disability when characterized by "at least two of the following: (1) marked restriction of activities of daily life;(2) marked difficulties in maintaining social functioning;(3) marked difficulties in maintaining concentration, persistence or pace; or (4) repeated episodes of decompensation, each of extended duration." id. § 12.04.  To make this determination, the ALJ must evaluate the combined effects of all impairments.   See id. § 416.920(c); Anderson v. Heckler, 805 F.2d 801, 805 (8th Cir. 1986).  "The ALJ is entitled to rely on the opinions of reviewing physicians when considering whether the claimant meets the requirements of a listed impairment." Ostronski v. Chater, 94 F.3d 413, 417 (8th Cir. 1996) (citation omitted).

### 1.  Activities of Daily Living

Activities of daily living include "cleaning, shopping, cooking ... paying bills, maintaining a residence, [and] caring appropriately for your grooming and hygiene ...." 20 C.F.R. pt. 404, subpt. P, app. 1. § 12.00(C)(1). The ALJ must "assess the quality of these activities by their independence, appropriateness, effectiveness, and sustainability." Id. "Marked" limitation of the activities is defined by "the nature and overall degree of interference with function." Id. The ALJ found that Xiong is independent in self-care and grooming, cares for her young children and performs some household chores. See Admin. R. 17. As a result, the ALJ determined that Xiong's mental impairments result in only mild restrictions in activities of daily living.

Although the finding of the ALJ is supported by the report of a state agency consultant, the ALJ placed "limited weight" on this report because subsequent additional evidence renders the report "not completely consistent with the longitudinal evidence of record." Id. at 21, 203, 210. The ALJ's finding is contravened by the psychological evaluation of Dr. Robert Barron, the psychotherapy progress notes of Nathaniel Stewart, the report of Xiong's daughter, and Xiong's own hearing testimony. Id. at 187-190, 215-252, 485-86. Although Xiong occasionally changes her infant's diaper, there is no support in the record for the ALJ's determination that she cares for her young children. The record

5

shows that Xiong does not perform any life activities, with the exception of watching television and listening to the radio, without considerable help from her family.  Therefore, substantial evidence does not support the ALJ's finding that Xiong has only mild restrictions in activities of daily living.  Considering the record as a whole, Xiong displays marked limitations on activities of daily living.

### 2. Concentration, Persistence or Pace

"Concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings."  20 C.F.R. pt. 404, subpt. P, app. 1. § 12.00(C)(3).  Although limitations can be assessed through clinical examination or psychological testing, the fact-finder "must exercise great care in reaching conclusions about [applicant's] ability or inability to complete tasks under the stresses of employment ... based on a time-limited mental status examination or psychological testing by a clinician, or ... [evaluations] in other settings that are less demanding, highly structured, or more supportive."  Id.  The ALJ determined that Xiong's mental impairments result in moderate difficulties in maintaining concentration, persistence of pace.  The ALJ relied on a psychological examination performed by Dr. Mark Schuler in making this determination.  Based on Schuler's report, the ALJ determined

that Xiong can "attend to, understand, and carry out simple instructions and simple-to-complex multiple-step tasks." Admin. R. 21. The ALJ erred by improperly reaching conclusions about Xiong's ability to complete employment tasks based on a psychological examination performed in a controlled environment, as this finding is contrary to the specific caution set out in the C.F.R. regulations.

Moreover, the opinions of treating physicians generally receive greater weight because those professionals have treated the claimant more often and have a longitudinal perspective. See Johnson v. Chater, 87 F.3d 1015, 1018 (8th Cir. 1996) (ALJ may give greater weight to treating physicians' opinions than to a doctor who saw claimant only once); 20 C.F.R. § 416.927(d)(2) (treating sources receive greater weight because they are most able to provide detailed and longitudinal perspectives, unlike reports from individual examinations). The ALJ discounted the reports of Xiong's treating mental health professionals because their opinions "were based on [her] subjective complaints." Admin. R. 21. As the magistrate judge notes, illnesses like depression and anxiety are evaluated largely based on self-reports of a patient over time. Furthermore, evidence of mental impairments includes a medical evaluator's consideration of information provided by the claimant. See 20 C.F.R. pt. 404, subpt. P, app. 1. § 12.00(D)(1)(a). Therefore, substantial evidence does not support the ALJ's finding

that Xiong has only moderate difficulties in maintaining concentration, persistence or pace. Considering the record as a whole, Xiong displays marked limitations in concentration, persistence or pace.

### B. Residual Functional Capacity

The ALJ next considers a claimant's residual functional capacity, past relevant work, and the factors of age, education, and work experience to see if a claimant can perform work. See id. § 416.920(a)(4)(iv)-(v). The ALJ determined that Xiong has the residual functional capacity to perform light work not requiring English comprehension, as well as work that is simple, routine, and repetitive, and that Xiong has no past relevant work. See Admin. R. 17-21. In light of Xiong's residual functional capacity and age, education, and work experience, the ALJ determined that there are jobs Xiong can perform and, as a result, that she is not disabled.

As already noted, the ALJ erred by not granting controlling weight to treating medical sources, such as Stewart, Barron, and Dr. Roger Johnson, Xiong's psychiatrist, all of whom determined that Xiong had severe functional limitations. See 20 C.F.R. § 416.927(d)(2). Further, the reliance of the ALJ on a single outlying GAF score is not supported by the record. Therefore, substantial evidence does not support the ALJ's determination of Xiong's residual functional capacity. The record as a whole

supports the vocational expert's conclusion that "no work would be available" for Xiong.  See Tr. 494.  Therefore, the court adopts the report and recommendation of the magistrate judge in its entirety.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.  The court overrules defendant's objection [ECF No. 17];

2.  The court adopts the report and recommendation [ECF No. 16] in its entirety;

3.  Plaintiff's motion for summary judgment [ECF No. 8] is granted;

4.  Defendant's motion for summary judgment [ECF No. 11] is denied; and

5.  The decision of the Commissioner of Social Security is reversed and remanded for award of benefits, consistent with this order and the report and recommendation.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 28, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court
